# EXHIBIT "7"

Private & Confidential

July 25, 2019

**VIA EMAIL & REGULAR MAIL**
Mr. Duane Dozer
(duanedozer@hotmail.com)

Mr. Duane Dozer
8766 104th Avenue
Vero Beach, Florida 32967

Dear Duane:

This letter shall serve as written notice that due to the closing of business operations of CoKa Ventures, LLC (the "Company"), your employment from your position as Charter Boat Sport Fishing Captain is terminated pursuant to Section 9(b) of your Employment Agreement ("Agreement") executed on or about August 26, 2017, as of effective on July 25, 2019, and that your last day of employment is Thursday, July 25, 2019 ("Termination Date").

In order to assure an orderly conclusion of your employment with the Company, we wanted to confirm your final compensation and information concerning your benefits. The Company will pay you your regular salary, through your last day of employment, which will be paid out on the next regularly scheduled pay date of July 31, 2019. In addition, in accordance with the Agreement, you will be paid an additional one week of salary, in the amount of One Thousand Five Hundred Sixty-Nine Dollars and Ninety Cents ($1,569.90), less applicable taxes and withholdings, to be paid by August 9, 2019.

Additionally, the Company will agree to pay you severance of the equivalent of one months' salary, less all applicable withholdings and taxes, in the amount of Six Thousand Two Hundred Seventy Nine Dollars and Fifty-Eight Cents ($6,279.58) ("Severance Payment"), subject to your executing the attached Confidential Separation Agreement and General Release ("Separation Agreement"). This Severance Payment will be made on the next regularly scheduled payroll date, following the end of the seven (7) day revocation period set forth in the Separation Agreement. In the event you do not agree to sign the Separation Agreement within the prescribed twenty-one (21) day time period, you will waive your right to any such Severance Payment, and the Company will owe you no additional remuneration as per the terms of the Agreement.

Please ensure that you return all of your Company property, including any company cell phones, keys, credit cards, etc., by the end of business on Monday, July 29, 2019. If you need any assistance with facilitating the return of such Company property, please let us know. Furthermore, you are no longer authorized to wear any company paraphernalia, including "Bad Habit" articles of clothing, hats, etc.

We wish you success in your future endeavors.

Sincerely,

Karen Sobotka, Manager
cc: Colin Hutzler, Manager

PLT 000252

## CONFIDENTIAL SEPARATION
## AGREEMENT, WAIVER AND RELEASE OF CLAIMS

This Confidential Separation Agreement, Waiver and Release of Claims ("Separation Agreement") is entered into by and between, Duane Dozer ("Dozer"), an individual, and CoKA Ventures LLC, a limited liability company, including any of its past, present or future parent, subsidiary, affiliated, and related entities, and its respective past, present, or future members, directors, administrators, officers, employees, agents, attorneys, representatives, and assigns (collectively, "CoKA"). Dozer and CoKa are each referred to hereinafter from time to time as a "Party," and are collectively referred to hereinafter from time to time as the "Parties."

WHEREAS, Employment Agreement ("Agreement") between the Parties entered into in or about August 26, 2017, is hereby terminated pursuant to Section 8(b) therein effective July 25, 2019 ("Termination Date");

WHEREAS, Dozer's last day of employment in the position of Charter Boat Sport Fishing Captain with CoKa, was on Thursday, July 25, 2019 ("Separation Date");

WHEREAS, Dozer and CoKa desire to enter into this Agreement in order to provide certain benefits to Dozer, as specified in this Agreement to provide for an orderly conclusion of his employment relationship with CoKa, and to release and waive potential claims against CoKa.

WHEREAS, the Parties intend that the full and complete terms and conditions of the settlement shall be set forth in this Agreement.

NOW, THEREFORE, in consideration of the mutual covenants and obligations of this Agreement, and for other good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, the Parties hereto agree with each other as follows:

## AGREEMENT

1. <u>Recitals Incorporated</u>. The foregoing recitals are incorporated by reference as if set forth in full in this paragraph 1 and the Parties agree that the recitals are true and correct. Therefore, the Parties expressly include the recitals as covenants of this Agreement.

2. <u>General Release</u>. Dozer agrees for himself and his successors in interest to release CoKa from all claims, liens, contracts, obligations, duties, demands, actions, causes of action, suits, debts, sums of money and damages, direct or indirect, known or unknown, matured or unmatured, of every kind (including without limitation attorneys' fees and costs), whether raised in common law, contract, statute or regulation or otherwise, which he has ever had or now may have against CoKa, from the beginning of time through the Effective Date of this Agreement, including without limitation, all claims raised or that could have been raised in a lawsuit or other legal proceeding, or otherwise. These claims include, but are not limited to: all claims arising out of Dozer' employment or association with CoKa, all claims arising from the cessation of his employment, all claims arising under Federal Law including but not limited to all claims arising under Title VII of the Civil Rights Act of 1964, the Americans With Disabilities Act, the Age Discrimination in Employment Act, the Older Workers Protection Benefit Act, 42 U.S.C. § 1981, 42 U.S.C. § 1983, the Family and Medical Leave Act, the Fair Labor Standards Act, and the Employee Retirement Income

Security Act, all claims for discrimination of any kind, including without limitation, discrimination related to religion, race, disability, national origin, age or sex, harassment, and hostile work environment, all claims for retaliation, all claims for wrongful discharge, all claims under the Florida Civil Rights Act, county or local Human Rights Acts, county, or local Wage Theft Ordinance, or any other state or local laws relating to employment, claims for retaliatory discharge pursuant to Fla. Stat., § 440.205 of Florida's Workers Compensation Statute, all claims for unpaid wages, salary, commission, employee benefits, vacation pay or other paid time off, severance pay, pension or profit sharing benefits, health or welfare benefits, bonus compensation, commissions, deferred compensation or other remuneration arising out of the employment relationship with CoKa, or otherwise, all claims for failure to promote, all claims for negligence, negligent hiring, negligent retention, negligent supervision, negligent training, intentional infliction of emotional distress, all claims for emotional distress, mental anguish, or personal injury, all claims for compensatory or punitive damages, all claims under Florida law, all claims arising under the civil rights, employment and labor laws of any state, local, or municipality, all claims that may be asserted on Dozer' behalf by others, as well as any and all claims that were asserted or that could have been asserted by Dozer in a lawsuit, administrative proceeding, or claims that arise out of, result from, or are in any manner related to the negotiation and execution of this Agreement ("Released Claims").

3. <u>Separation Compensation. Consideration</u>. CoKa agrees to pay Dozer, his regular salary, through his last day of employment, which will be paid out on the next regularly scheduled pay date of August 1, 2019. Further, in accordance with the Employment Agreement executed by the Parties on or about August 26, 2017 ("Employment Agreement"), Dozer will be paid an additional one week of salary in the gross amount of One Thousand Five Hundred Sixty-Nine Dollars and Ninety Cents ($1,569.90), less applicable taxes and withholdings. Additionally, CoKa will agree to pay Dozer severance of the equivalent of one months' salary, less all applicable withholdings and taxes, in the gross amount of Six Thousand Two Hundred Seventy Nine Dollars and Fifty-Eight Cents ($6,279.58) ("Severance Payment"), subject to Dozer executing this Separation Agreement. This Severance Payment will be made on the next regularly scheduled payroll date, following the end of the seven (7) revocation period set forth in this Agreement. In the event Dozer does not agree to sign the Separation Agreement within the prescribed twenty-one (21) day time period, Dozer will waive his right to any such Severance Payment, and CoKa will owe you no additional remuneration as per the terms of the Agreement. Dozer acknowledges and agrees that, other than the payments described in Section 3 herein, no further compensation or benefits or other monies are owed to Dozer by CoKa arising out of Dozer's employment, termination of his employment relationship, and/or termination of the Employment Agreement. Dozer acknowledges that without this Agreement he would not otherwise be entitled to the consideration he is receiving pursuant to the Agreement. It is understood and agreed to by the Parties that the Severance Payment constitutes sufficient consideration for the promises and obligations to Dozer contained in this Agreement, including but not limited to his release in paragraph 2 herein.

4. <u>Hold Harmless Provision</u>. Dozer expressly agrees to be solely responsible for any tax liability, which may result from payment of the Severance Payment, including penalties and forfeitures arising from such payment, and expressly acknowledges that CoKa is not liable in any way for any tax consequences of this settlement. Dozer agrees to defend, indemnify, and hold harmless CoKa against any loss or liability whatsoever, including reasonable attorneys' fees, incurred in any action or proceeding, before any court, agency, or arbitrator, to recover any unpaid taxes, penalties, or forfeitures related to the settlement payment.

5. <u>Cooperation</u>. In exchange for the consideration in paragraph 3 above, and other good and valuable consideration, Dozer agrees to be available to cooperate with CoKa and its employees in connection with any matter that Dozer worked on or was involved or of which he had knowledge during his employment with the CoKa to facilitate the smooth transition of such matters to CoKa. Dozer understands and agrees that this cooperation includes, but shall not be limited to, being available to CoKa upon reasonable notice; volunteering to CoKa pertinent information; providing positive interaction and explanation of his change of status to staff, and third-parties and turning over all relevant documents to CoKa that are or may come into Dozer's possession; and to cooperate with and provide assistance to CoKa in connection with any disputes, lawsuits or litigation in connection with any matter that Dozer has knowledge or information of during his employment or otherwise related to *inter alia* CoKa procedures, policies and/or operations. Dozer acknowledges and agrees that Dozer's entitlement to the Severance Payment is conditioned upon his continued cooperation without disruption to CoKa's operations, as determined at CoKa's sole discretion. Any such disruption will result in the immediate termination of this Agreement and require the return of the Severance to CoKa.

6. <u>Covenant Not to Sue</u>. Dozer agrees that he will not hereinafter pursue, initiate any lawsuit, administrative charge or claim, or cause to be initiated any lawsuit, charge or claim, or instituted any dispute and/or claim released herein against CoKa and represents that he has not heretofore assigned or transferred, or purported to have assigned or transferred, to any entity or person, any dispute and/or claim released by his herein. Dozer also represents that he has no charges of discrimination or any other administrative claims pending against CoKa with any federal, state or local agency or department. If it is determined that Dozer has any other lawsuit, charge or other claim pending against the CoKa, Dozer agrees to immediately dismiss all such claims, with prejudice, immediately upon determining that such charge or claim is pending. Dozer further acknowledges and agrees that with respect to the rights and claims he is waiving, he waives not only the right to recover money or any other relief in any action that might be brought on his behalf by any other person or entity, including but not limited to, the United States Equal Employment Opportunity Commission or any other federal, state or local government agency or department.

7. <u>No Further Compensation.</u> Dozer agrees that he will not seek or accept any personal, equitable, or monetary relief in the event that any person, organization, or other entity, files any charge, claim, or suit against CoKa relating to any of the released claims. Further, Dozer acknowledges that CoKa had less than four (4) employees, and as such, CoKa was not required to provide him with any benefits under the Florida workers' compensation statute Dozer agrees that this agreement covers all compensation, including wages, commissions and/or bonuses, that may have been due to his and that he has been paid for all hours worked and all compensation, including any bonuses and/or commissions, while engaged with CoKa and agrees that CoKa does not owe Dozer any other monies with regard to any compensation related to his employment, or otherwise with CoKa.

8. <u>No Future Employment</u>. Dozer agrees that that he will have no future employment with CoKa in any capacity, including as an employee, consultant, or independent contractor, and that he will never again seek employment with CoKa in any capacity, including as an employee, consultant or independent contractor. Should Dozer submit an application for employment with CoKa or otherwise seek consideration for employment with CoKa, he understands and agrees that this Agreement shall constitute legal and sufficient grounds for his rejection. Further, Dozer agrees not to knowingly accept employment with CoKa at any time in the future.

9. <u>Neutral Reference</u>. In response to any requests for a reference on Dozer by a prospective employer, CoKa agrees to provide a neutral reference that includes only Dozer's date of employment and last position held.

10. <u>Confidentiality Agreement.</u> Dozer agrees to keep the fact, amount, and terms of this Agreement, and all negotiations and discussions leading up to the execution of this Agreement, in strict confidence. Dozer further agrees not to disclose this document, its contents or subject matter to any person other than to his lawyer, accountant, spouse, or as compelled by law or Court Order. Dozer agrees that if he violates the terms of the above confidentiality and non-disclosure provisions, the breach will result in monetary damages to CoKa, including, but not limited to attorney's fees and costs that are difficult to quantify with particularity. Accordingly, Dozer will be liable to CoKa for liquidated damages, in the minimum amount of Two Thousand Five Hundred Dollars and No Cents ($2,500.00) for a breach of this Confidentiality Agreement, greater damages being available upon proof of greater actual damages, and for all costs and attorneys' fees incurred in enforcing this provision and in recovering such damages. This Agreement may be used as evidence in any subsequent proceeding alleging a breach of this Agreement. In the event that Dozer is required by compulsory legal service to produce a copy of the Agreement or to provide any verbal information regarding the Agreement, Dozer shall provide notice of any such requirement to counsel for CoKa, Lori Adelson, Esq., HR Law PRO, 401 East Las Olas Blvd., Suite 1400, Fort Lauderdale, FL 33301, (954) 302-8960, telephonically and confirmed immediately thereafter in writing or via e-mail at lori@hrlawpro.com within no more than five (5) business days.

11. <u>Non-Disparagement.</u> Dozer agrees that he shall refrain from making any derogatory, defamatory, disparaging, negative or critical comments regarding *inter alia* the CoKa, its personnel, including CoKa's, officers and directors, expertise and/or services in any regard whatsoever, including comments to former or current employees, and/or vendors, contractors, third-parties that may interfere with any relationships and/or contracts with any of CoKa's vendors, contractors or third-parties, and/or former or current employees. Dozer agrees that if he violates the terms of the above non-disparagement provision, the breach will result in monetary damages to CoKa, including, but not limited to attorney's fees and costs that are difficult to quantify with particularity. Accordingly, Dozer will be liable to CoKa for liquidated damages, in the minimum amount of Two Thousand Five Hundred Dollars and No Cents ($2,500.00) for a breach of this Non-Disparagement provision, greater damages being available upon proof of greater actual damages, and for all costs and attorneys' fees incurred in enforcing this provision and in recovering such damages.

12. <u>CoKa Confidential Information</u>. Dozer affirms that he understands and acknowledges his obligation to keep confidential all confidential and proprietary information of CoKa. Dozer further agrees that he will not discuss, reveal or provide information of any kind (whether digital or otherwise) to any third-party regarding *inter alia* the policies, procedures and/or operations of CoKa. Dozer represents that he has returned all property and information belonging to CoKa, including but not limited to, all technical information, customer and vendor information, pricing information, brochures, specifications, quotations, marketing strategies, inventory records and sales records. Dozer acknowledges that he has not kept any copies, computer files or data in any form, nor made or retained any abstracts or notes of such information.

13. <u>Return of CoKa Property</u>. Dozer acknowledges that he has returned all property owned by CoKa that Dozer may have in Dozer's possession or under Dozer's control, of any nature relating to Dozer' work with CoKa or CoKa's business operations, including any PDAs, cell phones, laptops, key cards,

access cards, and/or keys. Dozer further agrees that all computer, internet or other access credentials and passwords are revoked upon his separation of employment as set forth in this Agreement.

14. Non-Admission. Dozer understands and agrees that this Agreement does not constitute any admission of guilt, fault, responsibility, or liability on part of CoKa. This Agreement may not be used or introduced as evidence in any legal proceeding, except to enforce its terms.

15. No Precedent Set. The Parties agree that this Agreement is based upon the unique facts and circumstances of this particular case and does not establish any precedent, pattern or evidence of past practice for the resolution, disposition or determination of any other matter.

16. Governing Law and Venue. The interpretation and construction of this Agreement shall be governed by the laws of the State of Florida without reference to its choice of law rules. Any dispute between the Parties arising out of this Agreement shall be subject to the exclusive jurisdiction the state courts situated in Monroe County, Florida. In the event that either Party commences an action to enforce the provisions of the Agreement, or demonstrates a breach of this Agreement, the prevailing party in any such action shall be entitled to an award of its reasonable attorney's fees and costs, damages and injunctive relief, if applicable, through all appeals incurred in connection therewith as determined by the court in any such proceeding. *The parties expressly waive any right to a jury trial and expressly agree that any and all factual disputes regarding such matters shall be decided exclusively by a judge sitting without a jury.*

17. Time to Consider Signing Agreement. Dozer acknowledges that he has been given a period of twenty-one (21) days within which to consider whether to sign the Agreement prior to the expiration of the twenty-one (21) day review period. If Dozer executes the Agreement prior to the expiration of the twenty-one (21) day review period, Dozer acknowledges that he is voluntarily and knowingly waiving the remainder of such twenty-one (21) day review period.

18. Effective Date. Dozer understands that he may revoke this Agreement during the seven (7) calendar days following the execution of this Agreement and that the Agreement shall not become effective or enforceable until that seven (7) day revocation period has expired (the "Effective Date"), with payment to be made to Dozer as set forth in paragraph 3 above. In order to revoke this Agreement, Dozer must deliver a written letter of revocation to Defendant's legal counsel, Lori Adelson, Esq., HR Law PRO, 401 East Las Olas Blvd., Suite 1400, Fort Lauderdale Florida 33301, (954) 302-8960, before the expiration of the revocation period. Dozer understands and agrees that, in the event that he revokes this Agreement, this Agreement will become null and void, and Defendant will owe nothing pursuant to this Agreement.

19. Consolidation, Merger or Sale of Assets. Nothing in this Agreement shall preclude CoKa from consolidating or merging into or with, or transferring all or substantially all of its assets to, another corporation that assumes this Agreement and all obligations and undertakings of CoKa hereunder. Upon such a consolidation, merger or transfer of assets, the term "CoKa" as used herein shall mean such other corporation and this Agreement shall continue in full force and effect. Should any merger or consolidation result in a change in the place of incorporation of CoKa, Dozer agrees to execute a modification to this Agreement to provide that the governing law and venue of the new jurisdiction shall thereafter be applicable.

PLT 000257

20. <u>Severability.</u> If any provision of this Agreement, other than paragraph numbered 2, is declared invalid or unenforceable, in whole or in part, by a court of competent jurisdiction, and it cannot be modified to become enforceable, such provision shall be severed, leaving the remainder of this Agreement in full force and effect.

21. <u>Counterparts</u>. The Parties agree that this Agreement and any and all other documents in connection with settlement of this matter may be executed in exact counterparts, each of which shall be deemed an original, but all of which taken together shall constitute one and the same instrument. Any signature page delivered by facsimile transmission or e-mail shall be treated in all manner and respects as an original document. No party to this Agreement shall be bound until the counterparts of this Agreement have been executed by all Parties to same.

22. <u>Headings</u>. Section headings are used herein for convenience of reference only and shall not affect the meaning of any provisions of this Agreement.

23. <u>Entire Agreement.</u> This Agreement supersedes all prior agreements and understandings between Dozer and CoKa. This Agreement constitutes a single integrated agreement expressing the entire agreement of the Parties hereto. Dozer acknowledges that he has not relied on any representations, promises, or agreements of any kind made to him in connection with his decision to accept this Agreement that are not expressly set forth in this Agreement. Any amendment or modification of this Agreement must be in writing and signed by each of the Parties to this Agreement.

24. <u>No Strict Construction</u>. The Parties agree that the Agreement shall be construed as if the Parties jointly prepared it so that any uncertainty or ambiguity shall not be interpreted against any one Party and in favor of the other.

25. <u>Binding Effect</u>. This Agreement shall be binding upon the Parties hereto, their representatives, agents, successors, assigns, spouse, heirs, legatees, administrators, executors and personal representatives.

26. <u>Acknowledgement</u>. Each Party declares that he/it has read and understood the terms of this Agreement, have had an opportunity to review its terms with an attorney, and that the Agreement is being executed voluntarily. Dozer further acknowledges that he understands that this Agreement constitutes a full and absolute settlement and bar as to any and all claims he had, has, or may have against CoKa from the beginning of time, until the effective date of this Agreement.

WHEREFORE, the Parties, by their signature below, expressly agree to be bound by each of the provisions contained within this Confidential Separation Agreement, Waiver and Release of Claims, and acknowledge that there exist no other promises, representations or agreements relating to this settlement, except as specifically set forth herein.

IN WITNESS WHEREOF, the Parties hereto knowingly and voluntarily executed this Agreement as of the date(s) set forth below.

**CoKa Ventures LLC**                           **Duane Dozer, an individual**

PLT 000258

By: _____  
Title: _____  

Printed Name: _____  

Dated: _____  


Witness: _____  

Printed Name: _____  

Dated: _____  

By: _____  

Printed Name: _____  

Dated: _____  


Witness: _____  

Name: _____  

Dated: _____  

PLT 000259



PLT 000260