UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

DUANE DOZER,

    Plaintiff,

v.                                       CASE NO.: 4:19-cv-10172-KMM

COKA VENTURES, LLC, *in personam*, and *S/F BAD HABIT*, a 1989 model 45' Viking sport fishing vessel bearing Hull Identification Number VKY45169I889, and documented as U.S.C.G. Official Number 941674, her engines, tackle, apparel, furniture and appurtenances, *in rem*,

    Defendants.

_____/

## DEFENDANT'S RESPONSE TO PLAINTIFF'S STATEMENT OF MATERIAL FACTS

Defendant, CoKa Ventures, LLC ("Defendant" or "CoKa Ventures"), by and through undersigned counsel, and pursuant to Federal Rule of Civil Procedure 56(a), S.D. Fla. Local Rule 56.1, files its Response to Plaintiff Duane Dozer's Statement of Material Facts in Support of His Motion for Partial Summary Judgment (ECF No. 42).

    1.    Undisputed.

    2.    Undisputed.

    3.    Undisputed. The Employment Agreement speaks for itself.

    4.    Undisputed. The Employment Agreement speaks for itself.

    5.    Undisputed.

    6.    Disputed; Plaintiff's status as a seaman is a legal conclusion or legal determination that is the exclusive dominion of the Court and for which Mr. Hurtzler nor Mr. Platt are qualified to make.

7. Disputed. (*See* Defendants' Answer and Affirmative Defenses, ECF No. 30, ¶¶ 2–4).

8. Undisputed.

9. Disputed. Dozer did not request that "CoKa provide him with medical treatment" on July 18, 2019. The text message speaks for itself. (ECF No. 42-3, pp. 2–3; Depo. Trans. of Karen Sobotka, ECF No. 44-1, p. 60, lines 18–22).

10. Undisputed. The text message speaks for itself.

11. Disputed. Plaintiff Dozer did not submit a formal request for maintenance and cure. The text message speaks for itself. (*See* Depo. Trans. of Karen Sobotka, ECF No. 44-1, p. 60, lines 18–22).

12. Disputed; however, immaterial for purposes of summary judgment. The Letter dated July 24, 2019 purportedly written by Amber Rule, ARNP, speaks for itself and it does not state include the facts as represented in the Plaintiff's Statement of Facts.

13. Disputed; however, immaterial for purposes of summary judgment.

14. Disputed; however, immaterial for purposes of summary judgment. The Confidential Separation Agreement speaks for itself and it makes no reference to the Plaintiff releasing any claims for maintenance and cure benefits.

15. Undisputed.

16. Disputed to the extent of Plaintiff's characterization and recitation of Dr. Fabio Roberti's July 31, 2019 Progress Note which states in full:

**History of Present Illness**

**51 years old gentleman with a 3 weeks history of right leg pain that started after he was working. Since then he has been experience some foot weakness on the right side with also numbness and tingling involving the lateral aspect of the leg on the right and dorsum of the foot**. He denies any numbness tingling any fever or chills and reports

some low back pain. Reports that the some of the pain as ameliorated on Medrol Dosepak but the foot weakness is still present.

**Treatment**

Notes: I review an MRI of the lumbosacral spine which revealed finding consistent lumbar spondylosis with the L5-S1 degenerative disc disease and endplate Modic changes. At L4-5 there is a large right and inferiorly migrated disc herniation leading to severe lateral recess stenosis. I discussed differential diagnosis natural history of the condition and possible treatments with the patient. At this point in light of the severe foot weakness I recommended a surgical procedure of right L4-5 laminectomy foraminotomy diskectomy and discussed benefits risks alternative management and prognosis as well as timing of the surgery with the patient which are recommended to be as soon as possible. He should continue therapy with a Medrol Dosepak and avoid the use of any nonsteroidal inflammatory medication. He should use a ankle-foot orthosis on the right side. **We also discussed alternative techniques and management and the fact that even a successful surgery may not completely resolve the deficit although the prognosis is better if a prompt decompression is performed. He understood and agree and would like to think about the option and will contact our office if he would like to proceed with the surgery**.

(ECF No. 42-8, pp. 2–3). The July 31, 2019 Progress Note speaks for itself.

17. Disputed. (*See* Depo. Trans. of Dr. Fabio Roberti, ECF No. 46-6, pp. 17–18, Depo. p. 57, line 9 through Depo. p. 59, line 22).

18. Disputed.

19. Disputed.

20. Disputed.

21. Undisputed.

22. Disputed; the document to which Plaintiff refers is not record evidence, but rather a purported expert report created by Plaintiff's Counsel wherein Plaintiff's Counsel provides his version of events. That said, however, it is immaterial for purposes of summary judgment.

23. Disputed; the document to which Plaintiff refers is not record evidence, but rather a purported expert report created by Plaintiff's Counsel wherein Plaintiff's Counsel provides his version of events. That said, however, it is immaterial for purposes of summary judgment.

3

24. Disputed; the document to which Plaintiff refers is not record evidence, but rather a purported expert report created by Plaintiff's Counsel wherein Plaintiff's Counsel provides his version of events. That said, however, it is immaterial for purposes of summary judgment.

25. Disputed; the document to which Plaintiff refers is not record evidence, but rather a purported expert report created by Plaintiff's Counsel wherein Plaintiff's Counsel provides his version of events. That said, however, it is immaterial for purposes of summary judgment.

26. Disputed; the document to which Plaintiff refers is not record evidence, but rather a purported expert report created by Plaintiff's Counsel wherein Plaintiff's Counsel provides his version of events. That said, however, it is immaterial for purposes of summary judgment.

27. Disputed; the document to which Plaintiff refers is not record evidence, but rather a purported expert report created by Plaintiff's Counsel wherein Plaintiff's Counsel provides his version of events. That said, however, it is immaterial for purposes of summary judgment.

28. Disputed; however, immaterial for purposes of summary judgment. The e-mail correspondence speaks for itself.

29. Disputed; however, immaterial for purposes of summary judgment. The e-mail correspondence speaks for itself.

30. Disputed; the document to which Plaintiff refers is not record evidence, but rather a purported expert report created by Plaintiff's Counsel wherein Plaintiff's Counsel provides his version of events. That said, however, it is immaterial for purposes of summary judgment. The e-mail correspondence speaks for itself.

31. Disputed; the document to which Plaintiff refers is not record evidence, but rather a purported expert report created by Plaintiff's Counsel wherein Plaintiff's Counsel provides his

version of events. That said, however, it is immaterial for purposes of summary judgment. The e-mail correspondence speaks for itself.

      32.      Disputed; however, immaterial for purposes of summary judgment.

      33.      Undisputed. The letter and check speak for itself.

      34.      Disputed; however, immaterial for purposes of summary judgment. Dr. Roberti did not testify as to the surgery being scheduled once the check cleared. In fact, he testified that he did not have any insight on the hospital's decision making as to when surgery would take place. Surgery was scheduled for September 18, 2019 and had no bearing on the date payment was tendered. (*See* Depo. Trans. of Dr. Fabio Roberti, ECF No. 46-6, pp. 17–18, Depo. p. 57, line 9 through Depo. p. 59, line 22). Plaintiff Dozer also elected to "think about the option" to have surgery even though Dr. Roberti "recommended [surgery] to be [performed] as soon as possible." (*See* July 31, 2019 Progress Note, ECF No. 42-8, p. 3).

      35.      Disputed. (*See* Depo. Trans. of Dr. Fabio Roberti, ECF No. 46-6, pp. 17–18, Depo. p. 57, line 9 through Depo. p. 59, line 22; July 31, 2019 Progress Note, ECF No. 42-8, p. 3). On August 9, 2019, Defendant informed Plaintiff and Dr. Roberti that it agreed to pay for Plaintiff's medical treatments per Dr. Roberti's July 31, 2019 Progress Note. (*See* Defense Counsel Letter dated August 9, 2019, attached hereto as **Exhibit A**). On August 16, 2019, the hospital advised Defense Counsel that it would not accept the signed payment guarantee and instead required pre-payment for the surgical procedure.

      36.      Undisputed. Dr. Roberti informed Plaintiff that there was no guarantee that surgery would resolve Plaintiff's injuries. (*See* Depo. Trans. of Dr. Fabio Roberti, ECF No. 46-6, pp. 16–17, Depo. p. 54, line 19 through Depo. p. 55, line 16).

37. Undisputed. Dr. Roberti informed Plaintiff that there was no guarantee that surgery would resolve Plaintiff's injuries. (*See* Depo. Trans. of Dr. Fabio Roberti, ECF No. 46-6, pp. 16–17, Depo. p. 54, line 19 through Depo. p. 55, line 16).

38. Disputed. (*See* Depo. Trans. of Dr. Uribe, ECF No. 45-1, p. 24, line 24 through p. 25, line 2, p. 33, line 10 through p. 34, line 17, p. 44, lines 10 through 20).

39. Disputed. (*See* Depo. Trans. of Dr. Fabio Roberti, ECF No. 46-6, pp. 16–17, Depo. p. 54, line 19 through Depo. p. 55, line 16; Depo. Trans. of Dr. Uribe, ECF No. 45-1, p. 24, line 24 through p. 25, line 2, p. 33, line 10 through p. 34, line 17, p. 44, lines 10 through 20). The report created by Dr. Craig Lichtblau is not record evidence for purposes of Plaintiff's Motion for Partial Summary Judgment.

40. Undisputed; however, immaterial for the purposes of summary judgment.

41. Undisputed; however, immaterial for the purposes of summary judgment.

42. Undisputed; however, immaterial for the purposes of summary judgment.

43. Disputed. (*See* Depo. Trans. of Hutzler, ECF No. 43-1, p. 10, line 19 through p. 11, line 4).

44. Undisputed.  The Marine Insurance Policy speaks for itself.

45. Disputed; however, immaterial for the purposes of summary judgment.

46. Disputed; however, immaterial for the purposes of summary judgment.

47. Undisputed.

48. Undisputed.

49. Undisputed; however, immaterial for the purposes of summary judgment as the Plaintiff has not established causation not satisfied the requisite standard for presenting expert witness testimony.

**Defendants' Additional Material Facts**

50.     Plaintiff claims that he hurt his back on July 12, 2019 while on board the vessel. Plaintiff claims the onset of his back pain was immediate, that he immediately discontinued his work for the day and drove home to Vero Beach, Florida on July 12, 2019.  (ECF 46-1, Depo. p. 29, line 10 to p. 32, line 3, Depo. p. 35, line 3 to p. 37, line 2).

51.     By July 14, 2019, within two (2) days of his alleged back injury, Plaintiff Dozer began to experience weakness and foot drop in his right foot.[1]

52.     Plaintiff advised Defendant of his alleged back injury for the first time on July 15, 2019.  Plaintiff did not request that arrangements be made for medical care via worker's compensations from Defendant until July 18, 2019.

53.     On July 31, 2019, Plaintiff treated with Dr. Fabio Roberti. (ECF No. 42-8; ECF No. 46-6, Depo. p. 9, lines 6-9).

54.     Dr. Roberti noted that Plaintiff had drop foot for three weeks at the time of his office visit. (ECF No. 42-8).  Dr. Roberti diagnosed Plaintiff with a L4-L5 disc herniation and recommended that he continue therapy and undergo surgery.  (ECF No. 42-8).

55.     Plaintiff told Dr. Roberti that he wanted to think about whether he wanted to move forward with the surgery during his July 31, 2019 visit.  (ECF No. 42-8).

56.     On August 7, 2019, Plaintiff advised Dr. Roberti's office that he elected to have the surgery.  (Depo. Trans. of Dr. Roberti, ECF No. 46-6, p. 16, Depo. p. 51, lines 15-23).

57.     On August 9, 2019, Defendant advised Dr. Roberti that it would pay for Plaintiff's surgery. (Defendant's Letter to Dr. Roberti dated Aug. 9, 2019, p. 2, attached hereto as **Exhibit A**).

---

[1] Depo. Trans. of Plaintiff Dozer, ECF No. 46-1, p. 10, Depo. p. 36, lines 5–19.

58. On August 19, 2019, for the first time, the Cleveland Clinic Indian River advised Defendant that it would not accept the payment guarantee it previously requested and that it required that the surgical procedure be paid for in advance. (*See* Defendant's Letter dated Aug. 19, 2019, p. 2, attached hereto as **Exhibit B**; Emails between Defendant and Cleveland Clinic, attached hereto as **Exhibit C**). Cleveland Clinic Indian River provided estimates for the surgical procedure. (*Id.*). Defendant did not have the funds to pay for the surgical procedure directly. (*See* Depo. Trans. of Defendant Sobotka, ECF No. 44-1, p. 26, lines 3 to 6). That same day, Defendant's insurance carrier provided an Agreement Statement in which it agreed to accept financial responsibility for Plaintiff's reasonable medical expenses including the $30,340.20 surgical procedure expenses so that the hospital would agree to move forward with Plaintiff's surgery. (*See* Defendant's Letter dated Aug. 19, 2019, p. 2, attached hereto as **Exhibit B**; Emails between Defendant and Cleveland Clinic, attached hereto as **Exhibit C**).

59. After the funds were collected by Defendant's insurance carrier, Defendant paid for Plaintiff's surgery on September 10, 2019. (ECF No. 46-9, p. 2). Thereafter, Cleveland Clinic Indian River made arrangements with Plaintiff to conduct the surgery. (Emails between Defendant and Cleveland Clinic, attached hereto as **Exhibit C**).

60. On September 18, 2019, Plaintiff Dozer underwent a right L4-5 laminectomy with partial facetectomy, foraminotomy and discectomy on his lumbar spine in an attempt to reverse and/or reduce the alleged right foot drop and back pain. (ECF No. 42-11).

61. To date, Defendant has paid maintenance and cure benefits to Plaintiff in the amount of $68,795.79. (ECF No. 46-9; ECF No. 46-11).

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was furnished via E-mail to Counsel listed below on December 11, 2020.

Respectfully submitted:

**BROWN SIMS**
*Attorneys for the Defendant*
4000 Ponce de Leon Blvd.
Suite 630
Coral Gables, FL 33146
(305) 274-5507 – Office
(305) 274-5517 – Fax
mgreen@brownsims.com
cfrank@brownsims.com

By: */s/ Marlin K. Green*
**MARLIN K. GREEN, ESQ.**
Florida Bar No. 419532
**CODY L. FRANK, ESQ.**
Florida Bar No. 124100

## **SERVICE LIST**

**James W. Stroup, Esq.**
Florida Bar No. 0842117
**Farris J. Martin, III, Esq.**
Florida Bar No. 0879916
STROUP & MARTIN, P.A:
119 Southeast 12th Street
Fort Lauderdale, Florida 33316
Tel: (954)-462-8808
Fax: (954)-462-0272
jstroup@strouplaw.com
fmartin@strouplaw.com
*Attorneys for Plaintiff*